**Order entered January 30, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00778-CV

## D. REGINALD STOVER, JACE HARKEY, ROBERT H. HOLMES, AND THE HOLMES LAW FIRM, INC., Appellants

### V.

## ADM MILLING CO., Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-13400**

## ORDER

Before the Court is appellant D. Reginald Stover's January 22, 2019 notice of bankruptcy and "Response to Order of January 9, 2019," appellee ADM Milling Co.'s January 25, 2019 "Response to Order of January 9, 2019," and appellants Robert H. Holmes and The Holmes Law Firms, Inc.'s January 25, 2019 "Response to the January 9, 2019 Order."

The record reflects that the final judgment in this matter was signed by the trial judge on June 13, 2017. Appellants Stover and Jace Harkey filed their notice of appeal on July 5, 2017. Holmes and Holmes Law filed their notice of appeal on July 7, 2017. Further, on September 13, 2018, appellants filed a joint motion requesting additional time to present their oral argument and

on October 16, 2018, this Court heard oral argument in this appeal.  The Court issued its opinion in this case on December 28, 2018.

On January 7, 2019, it came to the Court's attention, for the first time, by virtue of appellants Holmes and Holmes Law's motion for an extension of time to file their motion for rehearing (motion for extension), that appellant Stover had filed for bankruptcy.  In response to this Court's inquiry about the bankruptcy and its status, all of the parties advised that there had been no notice of bankruptcy sent to this Court prior to appellants Holmes and Holmes Law's receipt of our adverse decision and their subsequent motion for an extension.  Also, on January 22, 2019, appellant Stover filed a notice of bankruptcy advising that he filed his bankruptcy petition on April 2, 2018.

This Court is concerned that counsel for the parties, long after the notice of appeal was filed and after the Court issued its opinion in this case, notified this Court for the first time that a bankruptcy had been filed by appellant Stover.  The failure of counsel to notify this Court of the bankruptcy proceeding may have resulted in the waste of valuable time and resources of the litigants and the Court alike.  At this time, this Court **RESERVES** consideration of counsels' failure to follow the law and rules as to timely notification of the bankruptcy and the effect on the parties, this case, and this Court.

Pursuant to 11 U.S.C. § 362, further action in this cause is automatically stayed.  *See* TEX. R. APP. P. 8.2.  Accordingly, for administrative purposes, this cause is **ABATED** pending notification by any party showing that the stay has been lifted.  *See* TEX. R. APP. P. 8.3.


/s/     DAVID J. SCHENCK
        JUSTICE